INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff, *v.* JOHN FARKAS, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, February 9, 1948.

*Samuel Gottesman* for plaintiff.

*Hardin, Hess & Eder* for defendant.

LAZARUS, J.   This is an action on a fidelity bond executed by the defendant as principal and the plaintiff as surety, running to the City of New York and another, pursuant to section 902 of the New York City Charter (1938).   Defendant was employed by the City of New York in the capacity of an accountant at La Guardia Airport.   The provisions of the bond pertinent hereto required that he " faithfully perform all the duties of said office as required by law and that he duly account for and pay over all money or property by him received or with him deposited in accordance with law."

In December, 1943, while defendant was at his office he received $140 cash representing moneys due the city for landing fees.   Defendant placed said money in his desk drawer and upon returning from a luncheon engagement discovered that the money had been stolen.   Plaintiff paid the City of New York $140 on its undertaking and now seeks reimbursement of that amount from the defendant.

The validity of the bond is not questioned, having been executed in conformity with the law.   The only question is its interpretation.

While it is well established that a public officer stands in the position of an insurer as to public funds entrusted to his custody, it is equally clear that this principle applies only where such funds are received by him pursuant to law in his official capacity and by virtue of his office; and not such as he may receive by color of office.   (*People* v. *Pennock*, 60 N. Y. 421; *Town of Whitestown* v. *Title Guaranty & Surety Co.*, 148 App. Div. 900, affd. 209 N. Y. 512.)

The duties of an accountant as prescribed by the Civil Service Commission are " to execute according to general instructions the detail work connected with audits and investigations and reports thereon, and to carry on independent audits and investigations of minor scope."

The prescribed duties may not either expressly or by implication be extended or interpreted to include the authority to receive or take custody of moneys payable to the city from sources entirely disconnected with the above.

A surety's liability is *strictissimi juris,* not to be enlarged by acts of its principal without its assent. In assuming custody of the moneys representing landing fees due the city, the defendant was not acting within the authority of his position as accountant. By so acting he substantially and essentially changed the risk from that contemplated by law and the surety contract itself.

· Liability of the plaintiff under the condition of the bond is and should be construed and limited to such moneys which by law its principal was authorized to receive. This is in keeping with the spirit of section 11 of the Public Officers Law and section 902 of the New York City Charter, requiring such bonds to be given, and also reasonable in view of the construction to be placed upon the surety. (See *People* v. *Pennock, supra.*)

As custodian of the moneys in question I find that the defendant was not within the condition of the bond and no liability had attached to his surety. The plaintiff in making payment to the city did so voluntarily and not by reason of any legal obligation to do so. The equity of reimbursement will not be reinforced in favor of a mere volunteer.

Judgment for the defendant.